IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SANDRA JOY HUGHES                                                     PLAINTIFF

v.                              No. 4:12-CV-640-DPM

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                         DEFENDANT

ORDER

Hughes seeks disability benefits. She says she quit working at a gas station convenience store because she couldn't stock the cooler or deal with the public. She claims herniated cervical discs, carpal tunnel syndrome, fibromyalgia, anxiety, and post traumatic stress disorder prevent her from working.

The Commissioner's ALJ identified obesity, personality disorder, and degenerative disc disease of the cervical spine as severe impairments. The ALJ determined Hughes can do some light work, which included her past work as a housekeeper. Because a person who can do her past work isn't disabled, the ALJ denied Hughes's application. Hughès appeals. Considering supporting and contrary evidence, this Court must determine whether substantial evidence supports the Commissioner's decision. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

Hughes challenges the ALJ's evaluation of her credibility. She says the ALJ failed to apply the required factors or explain why her allegations are inconsistent with the evidence. According to Hughes, the ALJ relied on generic inconsistency with the medical evidence to justify the evaluation.

An ALJ has a duty to assess the claimant's credibility. *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992). To assess Hughes's credibility, the ALJ followed the required two-step process and considered the regulatory factors. *See* SSR 96-7p. The question before the Court, therefore, is whether substantial evidence supports the ALJ's credibility evaluation.

It does. A reasonable mind would accept the evidence as adequate to show that Hughes over-stated her pain and limitation. *See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990). Hughes alleges disabling impairment in all exertional and non-exertional functions, but little medical evidence supports her allegations. The most probative evidence is diagnostic imaging showing a herniated disc in the neck, "[l]ikely" causing nerve root compression. Although nerve root compression can cause chronic neck pain, Hughes sought only episodic care for neck pain. Episodic care does not suggest disabling pain. A person insured under Medicaid, as Hughes was, would,

most likely, seek more than episodic treatment if she experienced disabling pain and limitations.

The diagnostic imaging also shows two bulging discs. But those bulges have little evidentiary value because a damaged or diseased disc does not necessarily mean a person will have pain or other symptoms.[1] The diagnostic imaging showed no further nerve root compression and no stenosis. Hughes reported that neuropathic pain medication "helped her neck pain tremendously." The ALJ ordered a consultative exam to ascertain Hughes's physical condition, and the agency examiner found no limitations. In short, nothing substantiates Hughes's allegations of disabling physical impairment.

Hughes also alleged disability based on mental impairment—anxiety, memory loss, inability to concentrate, and fear of the public. The ALJ ordered a mental diagnostic examination to identify mental impairment. During that

---

[1] See RICHARD M. PATTERSON, 2 LAWYERS' MED. CYCLOPEDIA § 16.9[C] (6th ed. 2013) ("Whether a patient experiences discomfort from the disc disease depends on …canal, and foramen size, as well as the percentage of disc herniated.); 2 DAN J. TENNENHOUSE, ATTORNEYS MED. DESKBOOK § 24:17 III (4th ed. 2006) ("Protruded disks usually cause no symptoms."); 2 LAWYERS' MED. CYCLOPEDIA § 16.9[B] (explaining that a disc "protrusion may or may not compress the spinal cord or nerve roots, causing neurological symptoms and signs.").

exam, Hughes demonstrated no difficulty in comprehending and carrying out simple tasks. The examiner reported that Hughes may be mildly limited in coping with typical demands of basic work tasks, but reported no limitations in communicating, concentrating, or persisting.

Hughes sought periodic treatment for anxiety and panic attacks; she reported improvement with psychotropic drugs. "An impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002). A reasonable mind would accept the evidence as adequate to show Hughes can work within the ALJ's limitations — incidental interpersonal contact, one-to-two step work, little judgment required, simple and direct supervision, and few changes in work place settings.

The ALJ could have better explained why the record fails to support Hughes's allegations, but the ALJ doesn't have to methodically discuss each regulatory factor. *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000). The ALJ acknowledged and examined the required considerations before discounting Hughes's subjective complaints. The ALJ did not err in evaluating credibility.

The Court need not dwell on Hughes's argument about the hypothetical

question because the argument flows from alleged impairments. A hypothetical question must capture the concrete consequences of the claimant's impairments, but not alleged impairments. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001). The hypothetical question in this case captured the concrete consequences of Hughes's impairments consistent with the evidence. The Court affirms the decision denying Hughes's application.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

14 November 2013